UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------------------x

CRUZ ROSENDO REYES on behalf of himself, and

those similarly situated,

       Plaintiff
v.

Grecian Pools International Corp., and Nick Tsoukas,

jointly and severally,

       Defendants.

---------------------------------------------------------------------------------x

No.: 1:23-cv-4064

**PLAINTIFF'S COLLECTIVE ACTION COMPLAINT**

**WITH JURY DEMAND**

Plaintiffs CRUZ ROSENDO REYES (hereinafter "Plaintiff Reyes"), on behalf of himself, and those similarly situated, upon personal knowledge as to himself and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover unpaid minimum wage, overtime, unlawfully withheld spread of hours premium, and statutory penalties for notice-and-recordkeeping violations for plaintiff and all others similarly situated. Named plaintiff is a non-exempt employee who worked at Defendants' company, corporately owned as Grecian Pools International Corp. with an establishment at 3956 Richmond Ave, Staten Island, New York 10312 and a second location at Holmdel, New Jersey (hereinafter "Grecian Pools International"). Plaintiff has been supervised by Defendant owner Nick Tsouka.

2. Defendants have deprived plaintiff and his co-workers of minimum wage and overtime pay since at least on or about May 16, 2020 in violation of the Fair Labor Standards Act ("FLSA").

3. Defendants have deprived plaintiffs of minimum wage, overtime pay and spread of hours premium since at least on or about May 16, 2017 in violation of the New York Labor Law ("NYLL").

4. Defendants have violated notice-and-recordkeeping requirements by failing to provide accurate statements along with wages listing the name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other, gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages. Defendants have further violated the requirement that they provide, upon employee request, explanations of how wages were calculated in violation of NYLL §195(3).

5. Defendants have violated notice-and-recordkeeping requirements by failing to provide employees with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

6. Plaintiff brings this action on behalf of himself and similarly situated current and former employees who elect to opt-in to this action pursuant to 29 U.S.C. §§201 *et seq*. of the FLSA, and specifically, the collective action provision of 29 U.S.C. §216(b), to remedy violations of the wage-and-hour provisions of the FLSA.

## JURISDICTION AND VENUE

7. Jurisdiction is proper as this Court has original federal question jurisdiction under 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§201, *et seq*. This Court has supplemental jurisdiction over the NYLL claims, as they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

8. As stated below Grecian Pools International is an employer engaged in commerce as defined in the FLSA, 29 U.S.C. §203(s).

9. Grecian Pools International is subject to personal jurisdiction in the State of New York since it is located in Richmond County, State of New York.

10. Venue is proper in this District because Defendants conduct business in this Judicial District, and the acts and/or omissions giving rise to the claims herein took place in this Judicial District.

**THE PARTIES**

**DEFENDANTS**

11. Defendants Grecian Pools International, is a New York Corporation doing business as Grecian Pools International located at 3956 Richmond Ave., Staten Island, New York 10312, with a second location at 101 Crawfords Corner Rod, Holmdel, NJ.

12. Defendant Nick Tsoukas (hereafter "Defendant Tsoukas "), on information and belief, is a resident of Richmond County, New York. Defendant Tsoukas who at all times relevant to this complaint has been the manager and owner of Grecian Pools International, has exercised control over Plaintiff's schedule, pay, and working conditions and exercised the right to hire and fire plaintiff.

13. Defendant jointly and severally employed plaintiff at all times relevant to this complaint.

14. Reference to defendants throughout this complaint is to all named defendants.

15. Upon information and belief, based on information provided by plaintiff, Grecian Pools International is an enterprise whose annual gross volume of sales made, or business done, is in excess of $500,000. Specifically, Grecian Pools International is a thriving pool business with

two locations in New York and New Jersey. As such, based on plaintiff's personal knowledge of defendants' business, as well as upon information and belief, defendants are an enterprise engaged in commerce as defined by 29 U.S.C. §203.

16. Upon information and belief, as well as first-hand knowledge of plaintiff, Grecian Pools International regularly conducts interstate business. Specifically, Grecian Pools International has offices in New York and New Jersey and conducts business in both states as part of an integrated operation.

17. Defendants are covered employers within the meaning of the 29 U.S.C. §203(d) and NYLL §190.

18. Upon information and belief, defendants have had control over all employment practices at the Grecian Pools International, including wages, scheduling and the hiring and firing of employees.

## PLAINTIFFS

### Common Allegations

19. Plaintiff's individual factual allegations are stated below, and except those specifically noted, the following common facts also apply to those similarly situated:

- At all times relevant, defendants failed to provide plaintiff with wage statements or explanations of how their wages were calculated in violation of NYLL § 195(3).

- At all times relevant, defendants failed to provide plaintiff with wage notices as required on February 1 of every year, and at hiring in violation of NYLL § 195(1).

4

- At all times relevant, defendants have failed to pay plaintiff in accordance with the minimum wage provisions of FLSA, 29 U.S.C. § 206 and NYLL § 652.

- At all times relevant, defendants failed to pay plaintiff at the overtime rate for all hours in excess of forty (40) hours per workweek, in violation of the overtime provisions of FLSA, 29 U.S.C. § 207 and NYLL §§650 *et seq.* and regulations promulgated thereunder.

- At all times relevant, defendants unlawfully paid Plaintiff a day rate;

- At all times relevant, defendants failed to provide plaintiff with adequate meal breaks in violation of NYLL §§162 *et seq*.

- At all times relevant, defendants failed to pay Plaintiff the spread of hours premium in violation of NYLL.

**Individual Factual Allegations**

**Cruz Rosendo Reyes**

20. Plaintiff Cruz Rosendo Reyes is an adult individual who is a resident of Richmond County, State of New York.

21. Plaintiff Rosendo was employed as a general laborer, delivering merchandise, picking up/dropping off employees to worksites by defendants, and cleaning and maintaining pools, from on or about March 2022 to on or about November 9, 2022.

22. As a driver for Grecian Pools International, Plaintiff Rosendo was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

23. At all times Plaintiff Rosendo reported directly to Defendant Tsoukas who was known to Plaintiff Rosendo as the boss.

24. Plaintiff Rosendo was hired by Defendant Tsoukas who assigned him his hours and told him that his daily pay would be $170.

25. Thus at all times relevant Plaintiff was paid an unlawful day rate, except when Defendants failed to even pay Plaintiff such rate and accrued arrears with Plaintiff.

26. At various times Defendants failed to pay Plaintiff minimum wage

27. At all times relevant Plaintiff Rosendo was not paid overtime.

28. Further at no time was Plaintiff Rosendo paid the spread of hours premium for those days on which he worked in excess of ten hours.

29. At no time was Plaintiff Rosendo given breaks of any kind.

30. At all times relevant Plaintiff was always paid in cash and never received any wage statements and pay stubs, despite Defendant Tsoukas' promise to place him on payroll providing pay stubs and direct deposit.

March 2022 Hours

31. In or about March 2022 Plaintiff Rosendo worked Monday- Saturday from 8am to anywhere between 6:00pm -7:30pm; He rarely worked Sundays.

32. Thus, in or about March 2022 Plaintiff Rosendo ordinarily worked between sixty to seventy-two (72) hours per week over the course of six days per week and was paid $170 per day for six days or $1020 per week for a straight time rate of $14.11 to $17.00 per hour, when he was paid his day rate.

33. When he was not paid his promised day rate, as detailed below, Plaintiff received an even lower hourly rate.

34. Plaintiff was paid in cash by Defendant Tsoukas every Sunday.

April-August 2022 Hours

35. In the period from April 2022 to August 2022, Plaintiff Rosendo worked six days a week from 8am to 7:30pm or approximately 11.5 hours per day or 69 hours per week and was paid paid $170 per day for 6 days or $1020 per week for a straight time rate of $14.78 per hour, when he was paid his day rate.

September 2022-November 2022 Hours

36. Thus, in the period from September 2022 to November 2022 Plaintiff Rosendo worked between fifty to sixty (50-60) hours per week over 5 days and was paid $170 per day for 5 days or $850 per week for a straight time rate of $14.11 to $17.00 per hour, when he was paid his day rate.

37. When he was not paid his promised day rate, as detailed below, Plaintiff received an even lower hourly rate.

Nonpayment and Short Payment

38. At various times, Defendants failed to pay Plaintiff on Sunday as usual for the week's work. Sometimes Plaintiff was required to wait 2 or 3 weeks before receiving any payment and even then he was paid less than promised.

39. Defendants repeatedly promised to pay the remaining balance due via direct deposit and failed to do so.

40. As a result, Plaintiff is owed approximately $3000 in promised backwages based on the unlawful day rate in addition to his other claims stated herein.

41. On or about Wednesday, November 9, 2022 Plaintiff requested and was given two days off work. The following week when he was told there was no further work for him.

## FLSA COLLECTIVE ACTION ALLEGATIONS

42. Named plaintiff brings his first and second claims for relief as a collective action under Section 16(b), 29 U.S.C. § 216(b) of the FLSA on behalf of all hourly workers employed by defendants between on or about April 25, 2020 and the date of final judgment in this matter that elect to opt in to this action. Such plaintiffs are hereinafter referred to as the "FLSA Collective Plaintiffs."

43. Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully within the meaning of FLSA, 29 U.S.C. § 216.

44. At all times relevant to this complaint, and upon information and belief, named Plaintiff and the FLSA Collective Plaintiffs are and/or have been similarly situated, and have had substantially similar compensation provisions. Thus, the claims of plaintiffs are essentially the same as those of the FLSA Collective Plaintiffs.

45. Named Plaintiff and the FLSA Collective Plaintiffs have been subject to defendants' policies and practices of willfully failing to pay them in accordance with minimum wage requirements in violation of FLSA, 29 U.S.C. § 206.

46. Named Plaintiff and the FLSA Collective Plaintiffs have been subject to defendants' policies and practices of willfully failing to pay overtime at a rate of one and a half times their hourly rate for hours worked in excess of forty (40) per workweek in violation of FLSA, 29 U.S.C. § 207.

47. For notice and all other purposes related to claims brought under FLSA, 29 U.S.C. § 216(b), the names and addresses of the FLSA Collective Plaintiffs are available from defendants'

records. Notice can be provided via first class mail to the last address known to defendants for each of the FLSA Collective Plaintiffs.

## FIRST CLAIM FOR RELIEF

**(FLSA Minimum Wage Claim, 29 U.S.C. §§ 201 *et seq.*, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiff)**

48. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

49. At all times relevant, each defendants have been, and/or continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

50. At all times relevant, defendants employed plaintiff and FLSA Collective Plaintiffs as "employees" within the meaning of FLSA, 29 U.S.C. § 203.

51. Defendants were required to pay plaintiff and the FLSA Collective Plaintiffs at a rate not less than the minimum wage rate under the FLSA for all hours worked.

52. Upon information and belief, defendants knowingly failed to pay plaintiff and FLSA Collective Plaintiffs the required minimum wage under the FLSA for each hour worked.

53. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages for his unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(FLSA Overtime Claim, 29 U.S.C. § 201 *et seq.* Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

54. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

55. Throughout the period covered by the applicable statute of limitations and upon information and belief, plaintiff and other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

56. At all times relevant, and upon information and belief, defendants have repeatedly and willfully failed to pay the named plaintiff and the FLSA Collective Plaintiffs in accordance with the overtime provisions of the FLSA for work performed in excess of forty (40) hours per workweek.

57. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks and is entitled to recover damages for their unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

**(New York State Minimum Wage Act Claim, NYLL Article 19 §§ 650 *et seq.*, Brought by Plaintiffs on Behalf of Himself)**

58. Plaintiff, on behalf of himself, repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

59. Throughout the period covered by the applicable statute of limitations and upon information and belief, defendants knowingly paid plaintiff less than the minimum wage as required by NYLL and the supporting regulations of the New York State Department of Labor.

60. Defendants did not pay the minimum wage for all hours worked by plaintiff.

61. Upon information and belief, defendants' failure to pay plaintiff the minimum wage was willful within the meaning of the NYLL.

62. Plaintiff seeks to recover his unpaid compensation, liquidated damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF

**(New York State Minimum Wage Act - Overtime Claim, NYLL § 650 *et seq.*, Brought by Plaintiffs on Behalf of Himself)**

63. Plaintiff, on behalf of himself, repeats, realleges and incorporates each and every preceding paragraph as if set forth fully herein.

64. Throughout the period covered by the applicable statute of limitations and upon information and belief, defendants willfully and repeatedly failed to pay plaintiffs at the overtime rate for hours worked in excess of forty (40) hours per workweek as required by NYLL.

65. Plaintiff seeks and is entitled to recover his respective unpaid compensation, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

66. Plaintiff has been damaged in an amount as yet determined, plus liquidated damages.

## FIFTH CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(3), Brought by Plaintiff on Behalf of Himself)**

67. Plaintiff, on behalf of behalf of himself, repeats, reiterates, and incorporates each and every preceding paragraph as if set forth fully herein.

68. Defendants have failed to provide plaintiff with wage statements or explanations of how his wages were calculated in violation of NYLL § 195(3).

69. Plaintiff has been damaged in an amount as yet determined, plus liquidated damages.

**SIXTH CLAIM FOR RELIEF**

**(Notice-and-Recordkeeping Requirements, NYLL § 195(1), Brought by Plaintiff on Behalf of Himself)**

70. Plaintiff, on behalf of himself, repeats, reiterates, and incorporates each and every preceding paragraph as if set forth fully herein.

71. Defendants have failed to provide plaintiffs with wage notices as required on February 1 of every year in violation of NYLL § 195(1).

72. Plaintiff has been damaged in an amount as yet determined, plus liquidated damages.

**SEVENTH CLAIM FOR RELIEF**

**(Spread-of-Hours Pay Violation pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4, Plaintiff on Behalf of Himself))**

73. Plaintiff, on behalf of himself, repeats, reiterates, and incorporates each and every preceding paragraph as if set forth fully herein.

74. Defendants regularly and knowingly required plaintiff to work in excess of ten (10) hours per day.

75. Defendants knowingly, willfully, and intentionally failed to pay plaintiff one extra hour's pay at minimum wage for every day in which the interval between plaintiff's start and end times exceeded ten hours, in violation of New York State labor regulations. N.Y. Comp. Codes R. & Regs. tit. 12, §§ 142-2.4.

76. Because of defendants' willful violation of the NYLL, plaintiff is entitled to recover from defendants, jointly and severally, his unpaid wages originating from the spread of hours provision, liquidated damages, as well as reasonable attorneys' fees and costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

## **RELIEF SOUGHT**

**WHEREFORE**, plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, requests relief as follows:

A. Designation of this action as a collective action for the purposes of the claims brought on behalf of the FLSA Collective Plaintiffs, along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class;

B. Designation of plaintiff as representative of the FLSA Collective Plaintiffs;

C. An order declaring that defendants violated the FLSA in the manners stated in this complaint;

D. An order declaring that defendants' violations of the FLSA were willful;

E. An order declaring that defendants violated the NYLL in the manners stated in this complaint;

F. An order declaring that defendants' violations of the NYLL were willful;

G. An award of overtime compensation under the FLSA and NYLL;

H. An award of minimum wage compensation under the FLSA and NYLL;

I. An award of spread of hours premium under the NYLL;

J. An award of liquidated damages pursuant to the FLSA;

K. An award of damages for violations of NYLL;

L. All penalties available under the applicable laws;

M. Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663 and all other applicable statutes;

N. Interest as provided by law; and

O. Such other relief as this Court deems just and proper.

## **JURY TRIAL**

Plaintiff demands a jury trial for all causes of action and claims for which he has a right to a jury trial.

Dated: New York, New York
May 16, 2023

Respectfully submitted,

JULIEN MIRER SINGLA & GOLDSTEIN, PLLC

_____

By: Jeanne Mirer
Attorney for Plaintiff
1 Whitehall St, 16th floor
New York, NY 10004
(212) 231-2235
jmirer@workingpeopleslaw.com