# JULIEN MIRER SINGLA & GOLDSTEIN, PLLC

ATTORNEYS AT LAW
1 WHITEHALL ST.
SIXTEENTH FLOOR
NEW YORK, NEW YORK 10004

_____

| JEANNE MIRER | TELEPHONE: (212) 231-2235 | RIA JULIEN |
|---|---|---|
| RETU SINGLA | FACSIMILE: (212) 409-8338 | SETH GOLDSTEIN |

March 14, 2024

**VIA CM/ECF**
The Hon Magistrate Sanket Bulsara
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York, NY 11201

Re: *Reyes v. Grecian Pools* International Corp. et al.
Case No. 1:23-cv-04064
Motion to Approve Proposed Wage Settlement Agreement

Dear Hon. Magistrate Judge Bulsara:

Plaintiff Cruz Rosendo Reyes (the "Plaintiff"), by his attorneys Julien Mirer Singla & Goldstein, PLLC, respectfully submits this letter motion. A copy of the Proposed Settlement Agreement and exhibits is attached as Exhibits I(a) and I(b), executed by Plaintiff and Defendants, respectively. Additionally Plaintiff's retainer and undersigned counsel's time records are attached as Exhibit II and Exhibit II respectively.

Plaintiff requests that this court accept the instant submission *nunc pro tunc* for good cause due to a clerical error that delayed the signing of the final agreement, and various unforeseeable delays at the offices of undersigned counsel.

I. **Procedural History and Relevant Facts**

Plaintiff Cruz Rosendo Reyes ("Plaintiff") alleges was employed by Defendants Grecian Pools International Corp. and Nick Tsoukas, jointly and severally (collectively, "Defendants") (Plaintiff and Defendants, collectively the "Parties"), as a general laborer, delivering merchandise, picking up/dropping off employees to worksites by defendants, and cleaning and maintaining pools.

Plaintiff brings suit, as a collective action, alleging violations of federal and state wage and hour laws by Defendants' failure to pay minimum wage and overtime as well as failure to provide wage statements and notices from March 2022 to approximately November 9, 2022.

Specifically, Plaintiff alleges he worked between 5 and 6 days a week for between 55 and 69 hours weekly. He was paid a day rate of $170 per day, he was not paid overtime, and at various times his payment was late, or withheld entirely.

Defendants vehemently denies the allegations of unlawful conduct.

Since the filing of the Complaint on June 1, 2023, the Parties have engaged in negotiations, Plaintiff has served Rule 26(a)(1) disclosures, Interrogatories and Document Requests and engaged in a mediation before private mediator Sheryl Mintz Goski. An agreement was reached at the mediation held on January 19, 2024

Finally, although the Complaint was filed as a collective action pursuant to FLSA, 29 U.S.C. § 216, Plaintiff did not yet move for certification, no opt-in Plaintiffs joined this action and this matter is being settled as to the named Plaintiff only.

## II.     Fairness of the Proposed Settlement Agreement

Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 200 (2d Cir. 2015). Rather, the parties must satisfy the Court that their agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.,* 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky* v. *Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Sbc,* 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010). Here, the parties meet all five factors.

  *1.     The Settlement Amount Represents A Significant Amount of the Maximum Exposure Should Defendants' View of Disputed Facts Be Accepted At Trial and the Settlement Agreement Avoids Anticipated Burdens at Trial Due to the Litigation Risks Faced by the Parties*

The Proposed Settlement Agreement provides that Defendants shall to pay Plaintiff the total sum of thirty-six thousand dollars ($36,000) over eight months, by equal monthly installments of

3

forty-five hundred dollars ($4,500) for full resolution of the Plaintiff's claims ("the Settlement Sum").

The parties disagree on the accurate range of Plaintiff's possible recovery. Defendants maintain that Plaintiff was properly paid for all hours worked. Plaintiff alleges that if he is successful on all aspects of his minimum wage and overtime claims, including those allegations based on his recollections and notes alone, he could recover up to approximately $56,872.64. inclusive of liquidated damages and penalties ("Plaintiff's Estimate of Maximum Wage and Penalty Exposure"). Of this sum, he is owed $$23,436.32, in alleged actual lost wages. Defendants refute these allegations and argue that Plaintiff is not owed any money for any of the claims alleged in their Complaint as he was properly paid for all hours worked

While the Proposed Wage Settlement Amount of $36,000 represents 63.3% of Plaintiff's Estimate of Maximum Wage and Penalty Exposure, Plaintiff seeks the Court's approval of the Proposed Settlement Agreement as fair for representing a substantial proportion of the wages actually owed and in light of the litigation risks detailed below (see subsection 3, infra). *See Chamoro v. 293 3rd Café Inc.*, 2016 U.S. Dist. LEXIS 136101, at *4 (S.D.N.Y., Sep. 30, 2016)(approving the settlement amount in a FLSA settlement agreement as fair because "the $52,000 settlement amount constitutes a substantial proportion [71.8%] of the total possible amount that [plaintiff] could recover if successful at trial"). See also *Brack v. MTA N.Y.C. Transit*, No. 18-CV-846-SJB, 2019 U.S. Dist. LEXIS 231040, at *10 (E.D.N.Y. Apr. 26, 2019) (holding "Other FLSA settlements with similar—or even smaller—percentages of recovery have been approved by courts in this Circuit. See, e.g., *Cumbe v. Peter Pan Donuts & Pastries Inc.*, No. 16-CV-392, 2018 U.S. Dist. LEXIS 82730, 2018 WL 3742689, at *1 (E.D.N.Y. May 15, 2018) ("Plaintiff will receive about 53% of his maximum recovery, which is in line with the proportion recovered in similar cases where courts have approved a settlement."), report and recommendation adopted, 2018 U.S. Dist. LEXIS 90171, 2018 WL 3742634 (May 30, 2018); *Rodriguez-Hernandez v. K Bread & Co., Inc.*, No. 15-CV-6848, 2017 U.S. Dist. LEXIS 78034, 2017 WL 2266874, at *4 (S.D.N.Y. May 23, 2017) (approving a settlement of 26% of potential damages given "bona fide disputes" between the parties and litigation risks).")

Further, Plaintiff submits the Proposed Settlement Amount is fair in light of the risk that Defendants' view of maximum exposure will ultimately be proven at trial. Defendants contend that Plaintiff was properly paid for all regular and overtime hours worked. Given the dispute over maximum exposure between the parties, and in light of the above facts, this factor weighs in favor of fairness.

2.  *Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses*

Second, settling the parties' claims at this point will avoid continuing litigation costs for both parties. *Wolinsky*, 900 F. Supp. 2d at 335. Had this action not settled, numerous depositions would take place, including the depositions of Plaintiff, a corporate representative of Defendants, and a number of non-party witnesses. Settlement at this point will obviate such time-consuming and expensive litigation.

3.  *The Settlement Agreement Avoids the Very Real Litigation Risks Faced by the Parties*

Third, the settlement accounts for the parties' respective risks in proceeding with the litigation. *Wolinsky*, 900 F. Supp. 2d at 335. Defendants risk an adverse judgment against them and the fact-finder believing Plaintiff's allegations regarding the number of hours he worked. Plaintiff risks the same Should Defendants possess time records that indicate all overtime was paid. In light of these litigation risks, the decision to forgo the burden and expense of trial is reasonable.

4.  *The Settlement Agreement is the Product of Arm's-Length Bargaining Between Experienced Counsel and No Collusion Has Occurred*

The terms of the Settlement Agreement were reached through arms'-length negotiations between the Parties' respective counsel after engaging in significant investigation and due diligence regarding the merits of Plaintiff's claims and his likelihood of success at trial and the settling Defendants' defenses. Further the agreement was reached at a settlement conference held before mediator Sheryl Mintz Goski on January 19, 2024. There is no doubt that the parties were informed about the strengths and weaknesses of their positions.

Plaintiff has been represented by the firm attorneys Julien Mirer Singla & Goldstein, PLLC. attorneys Julien Mirer Singla & Goldstein, PLLC, is a six-person law firm practicing almost exclusively in federal employment litigation with a concentration on wage claims under FLSA and associated state laws in New York. Combined, Plaintiffs' attorneys have almost 30 years of experience in the almost exclusive prosecution of FLSA matters and over 100 years of combined experience concentrating in litigation matters generally. Specifically, the Plaintiff has been represented by Ria Julien who have been working in the employment law field and FLSA since 2014. Ms. Julien is a partner at the firm. Ms. Julien has handled complex employment litigation matters in the SDNY and EDNY brokered multi-party Collective Actions, in one case resulting in seven-figure settlement. Her fees have been approved at rates of $350 to $400 per hour. See 13-cv-7249 SDNY; 14-cv- 4030 (approving a blended rate of $500, with Ms. Julien at $350 per hour); See also 16-cv-6759 SDNY (approving $400 per hour for Ms. Julien).

Given these arms'-length negotiations, the fifth factor, absence of collusion, is also satisfied.

5.  *The Factors Weigh In Favor of Settlement Approval*

All the above factors weigh in favor of settlement approval. Plaintiff seeks the court's approval of the proposed settlement as fair to him in light of the totality of the circumstances. Further, at this stage in the litigation, Plaintiff is not aware of the presence of any similarly situated

employees employed by the settling Defendants who wish to join this matter as opt-in Plaintiffs under Rule 216(b). In addition, Plaintiff is not coerced to settle this case. *See Cisneros v. Schnipper Rest. LLC*, 2014 WL 67235, at *1 (S.D.N.Y. Jan. 8, 2014) (concerns about coercion "not as relevant when the plaintiffs no longer work for the Defendant.").

6. *The Attorneys' Fees Are Reasonable and Should be Approved*

In addition to reviewing the substantive fairness of the terms of the Proposed Settlement Agreement, the Court must also make a determination as to the fairness of the attorneys' fees proposed. *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15 Civ. 112 (PAE), U.S. Dist. LEXIS 160352 (S.D.N.Y. Nov. 30, 2015).

Plaintiff has entered into a signed retainer agreement authorizing attorneys' fees to be paid on the basis of 33.33% of the gross settlement, plus costs. As the previously agreed fee of 33.33% is presumptively fair. See *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 U.S. Dist. LEXIS 166890 (S.D.N.Y. Dec 14, 2015) (holding "Courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases."). See Exhibit II: Plaintiff's retainer.

While courts may approve attorneys' fees on the basis of either a lodestar calculation or a percentage of the common fund, "the trend in this Circuit is toward the percentage method." *WalMart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005). The Second Circuit has reasoned that the lodestar method "creates an incentive for attorneys to bill as many hours as possible, to do unnecessary work, and these reasons also can create a disincentive to early settlement." *McDaniel v County of Schenectady*, 595 F.3d 411, 418 (2d Cir. 2010). In this Circuit, district courts typically approve attorneys' fees in the range of 30% - 33 1/3% in FLSA cases. See, *Santos v. El Tepeyac Butcher Shop Inc.*, 2015 WL 9077172, at *4 (S.D.N.Y. Dec. 15, 2015); *Thornhill v. CVS Pharmacy, Inc.*, 2014 WL 1100135, at *3 (S.D.N.Y March 20, 2014);

Here, undersigned counsel has here attached billing records showing 26.4 hours worked (otherwise totaling $11,880 at a presumptively reasonable rate of $450 per hour).[1] See Exhibit III Attorney Time Records. Ms. Julien is a partner of this firm and has handled complex employment litigation matters in the SDNY and EDNY and brokered multi-party Collective Actions, in one case resulting in seven-figure settlement. Moreover, the time of staff interpreter Danila Cuesta was not billed for in connection with her attendance and interpretation at all client calls and the mediation.

When the 26.4 hours spent in the prosecution of this matter is compared with the $12,000 sought (the 33.33% contingency fee), the effective hourly rate is $454.55 per hour. This is presumptively a reasonable hourly rate. See *Ramos v. Nikodemo Operating Corp.* No. 16-CV-1052(KAM)(JO)

---

[1] The firm's fees have been approved at rates of $500 and $400 per hour. See 13-cv-7249; 14-cv-4030 (approving a blended firm rate of $500, based on a $350 rate for Ms. Julien ten years ago); See also 16-cv-6759 (approving $400 per hour firm rate, eight years ago).

7

2017 U.S. Dist. LEXIS 216246 at *23 (E.D.N.Y. Aug. 7, 2017) (deeming $125 for paralegals and $450 for senior partners as reasonable in this district as of 2017). *See, also, Scott v. City of N.Y.*, 643 F.3d 56, 59-60 (2d Cir. 2011) (a $550 hourly rate in an FLSA case was reasonable for an attorney with significant trial experience); *Guallpa v. NY Pro Signs, Inc.,* 11 Civ. 3133, 2014 U.S. Dist. LEXIS 77033 at *9-10 (S.D.N.Y. May 27, 2014) (approving hourly partner rates in FLSA case of $600 and $500 for partners with, respectively, nineteen and thirteen years of experience), *report & rec. adopted,* 2014 U.S. Dist. LEXIS 116671 (S.D.N.Y. Aug. 18, 2014); *Torres v. Gristede's Operating Corp.*, 04 Civ. 3316, 2012 U.S. Dist. LEXIS 127890 at *3-4 (S.D.N.Y. Aug. 6, 2012) (awarding hourly partner rates of $500 and $550 in FLSA case and noting that "'rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, . . . with average awards increasing over time.'" (quoting *Clover v. Shiva Realty of Mulberry, Inc.*, 10 Civ. 1702, 2011 U.S. Dist. LEXIS 51697, 2011 WL 1832581 at *5 (S.D.N.Y. May 13, 2011), *aff'd,* 479 F. App'x 402 (2d Cir. 2012)), *aff'd,* 519 F. App'x 1 (2d Cir. 2013). In addition, Plaintiff seeks reimbursement of $402.00 in costs in connection with filing the complaint. See ECF Dkt. No 1.

7. *The Settlement Agreement Does Not Include Any Clauses Forbidden by* Cheeks

Finally, the settlement also meets the guidelines set forth in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). *See also Gonzales v. Lovin Oven Catering of Suffolk, Inc.*, 2015 WL 6550560 (E.D.N.Y. Oct. 28, 2015). Specifically, as prohibited by *Cheeks*, the instant settlement does not contain a confidentiality provision; the release agreed to by Plaintiff releases Defendants only from claims relating to Plaintiff's wages.

### III. Conclusion

For the reasons stated herein, the parties submit that the executed Proposed Settlement Agreement is a fair and equitable resolution of a *bona fide* dispute between the Parties and that the proposed fees are appropriate in this case.

This Court's approval of the Proposed Settlement Agreement is an express condition of the settlement, and the Parties have agreed to take all steps necessary to dismiss the lawsuit with prejudice. The Parties respectfully request that the Court approve this settlement as fair and reasonable and enter the Stipulation of Dismissal with Prejudice attached hereto as Exhibit A to the Proposed Settlement Agreement (Exhibit I).

> Respectfully submitted,
> /s/
> Ria Julien
> Julien Mirer Singla & Goldstein, PLLC
> 1 Whitehall St., 16th floor
> New York, NY 10004
> Telephone: (212) 231-2235
> Email: rjulien@workingpeopleslaw.com

Attorney for Plaintiff

Enclosures:
Exhibit I: Wage Settlement Agreement and Exhibits
Exhibit II: Plaintiff's Retainer
Exhibit III: Attorney Time Records
cc:     Michael DeSantis